UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EVERON QUIROZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 3:12-CV-365 |
| | ) |
| CITY OF SOUTH BEND, | ) |
| PATROLMAN JAMES ATERS, | ) |
| PATROLMAN DOUG MASTERSON, | ) |
| PATROLMAN ANTHONY DAWSON, | ) |
| and SGT. DORIAN FINLEY, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the motion to dismiss filed by defendant City of South Bend on October 24, 2012 (docket at 16). The City filed a memorandum in support of its motion on that same date (docket at 17). Plaintiff Everon Quiroz filed a response in opposition to the motion on November 13, 2012 (docket at 23). The City informed the Court that it would not be filing a response and so this matter is ripe for resolution. For the reasons set forth below, the motion is GRANTED in part and DENIED in part. The motion is granted to the extent that plaintiff's amended complaint could be interpreted to hold the City of South Bend liable for constitutional claims in violation of the *Monell* doctrine. The motion is denied as to any and all state law tort claims asserted against the City of South Bend.

## DISCUSSION

On August 13, 2010, Everon Quiroz was sitting in a car with his girlfriend on a South Bend street listening to music. According to his version of the facts, he was approached by a

1

South Bend police officer who asked for his identification. Soon, two more officers arrived on the scene. Quiroz claims he was handcuffed for no reason and that the officers used excessive force against him, injuring his wrist and cutting his forehead. Quiroz maintains that the officers had no reason (let alone reasonable suspicion or probable cause) to question him, handcuff him, search him, search the car in which he was sitting (which did not belong to him), or detain him. Shortly after the encounter, Quiroz went to the emergency room for treatment of the injuries he allegedly sustained at the hands of the officers. According to Quiroz, the officers did not find any sort of contraband on his person or in the vehicle, and Quiroz was "never taken to jail or charged with anything prior to his release by the Defendant officers." Amended Complaint, docket at 11, p. 3. This encounter with the defendant officers is the underlying basis for this lawsuit. In his amended complaint, Quiroz brings claims pursuant to 42 U.S.C. § 1983. He asserts claims for false arrest, false imprisonment, battery, and unreasonable search and seizure.

In its motion to dismiss, the City of South Bend argues that Quiroz failed "to allege some factual content that allows a Court to draw a reasonable inference that the act complained of was a result of a policy, custom or practice[.]" Defendant's Memorandum, p. 1 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Of course, it is black letter law that municipalities cannot be held liable in actions under § 1983 under a *respondeat superior* theory for acts committed by police officers in the City's employ. Quiroz's amended complaint includes the following paragraph:

> The Defendants include the City of South Bend in its representative capacity as being liable under the doctrine of *respondeat superior* for the wrongful acts of its police officers, . . . all of whom were acting in their individual capacity pursuant to 42 U.S.C. § 1983, and all of whom were acting within the scope of their employment and under color of law when, on or about August 13, 2010, they subjected the Plaintiff to false arrest, false imprisonment, battery, and

>unreasonable search and seizure, in violation of Plaintiff's rights under the laws of the state of Indiana, the Fourth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

Amended Complaint, p. 1, ¶ 2. This paragraph could certainly be interpreted as an attempt hold the City of South Bend liable, under a *respondeat superior* theory, for alleged constitutional violations committed by individual police officers, which would obviously run afoul of *Monell* and its progeny. Clearly the City of South Bend gave it just such an interpretation and thus filed the present motion to dismiss. To the extent that Quiroz's complaint could be interpreted to assert claims against the City of South Bend in contravention of *Monell*, such claims must be dismissed.

Quiroz argues that the City misinterprets his complaint. He points out that in the very next paragraph of his amended complaint he states as follows:

>Also named as a Defendant is the City of South Bend, which employed the individually named officers at all material times to this Complaint. The City is named in its representative capacity, and is liable for state torts acts of false arrest, false imprisonment, and battery its officers committed against the Plaintiff, under a theory of *respondeat superior* liability.

Amended Complaint, p. 2, ¶ 3. Quiroz argues that his complaint makes clear that the City of South Bend is being sued only in its representative capacity for the state law torts committed by the defendant police officers. He also points out that "to make it abundantly clear, Plaintiff stated in Paragraph 16 that 'The City of South Bend is liable for the battery committed by the individual Defendant officers under Indiana Tort Law.'" Plaintiff's Response, p. 1. Of course, a municipality such as the City of South Bend *can* be sued under a *respondeat superior* theory for state tort claims. *See, e.g., Lehman v. City of Fort Wayne*, 2011 WL 8988 * 12 (N.D. Ind. Jan. 3, 2011). Thus, Quiroz's state law claims against the City of South Bend should not be dismissed

3

at this juncture (nor does the City argue that they should).

## CONCLUSION

For the reasons set forth above, the motion to dismiss filed by defendant City of South Bend (docket at 16) is GRANTED in part and DENIED in part.  The motion is granted to the extent that plaintiff's amended complaint could be interpreted to hold the City of South Bend liable for constitutional claims in violation of the *Monell* doctrine.  The motion is denied as to any and all state law tort claims asserted against the City of South Bend.  (The pending § 1983 claims against the individual police officer defendants are unaffected by this motion.)

Date: December 14, 2012.

   /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana